Case 4:22-cv-04487   Document 18   Filed on 12/08/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTWAN KING, § <br> TDCJ #2091199, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BRYAN COLLIER, Executive § <br> Director, Texas Department of § <br> Criminal Justice, et al., § <br> § <br> Defendants. § | CIVIL ACTION NO. H-22-4487 |

## MEMORANDUM OPINION AND ORDER

While incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Antwan King filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) alleging that Executive Director Bryan Collier, Regional Director Joel Gauna, Senior Warden Rodger E. Bowers, Assistant Warden Dustin T. Wonders, and Unit Chaplin Philip C. Amobi interfered with the exercise of his religious beliefs as a Rastafarian. Now pending is Defendants Amobi, Bowers, Collier, Gauna, and Wonders' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (6) ("Defendants' Motion to Dismiss") (Docket Entry No. 15). King has filed Plaintiff's Memorandum in Opposition to Defendant[s'] Motion to Dismiss ("Plaintiff's Response") (Docket Entry No. 16) and the defendants have filed Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss ("Defendants' Reply") (Docket Entry No. 17). After considering all of the pleadings and the applicable

law, the court will grant the Defendants' Motion to Dismiss for the reasons explained below.

## I. Background

When King filed this lawsuit he was incarcerated by TDCJ at the Wynne Unit in Huntsville.[1] Invoking 42 U.S.C. § 1983, King claims that Executive Director Collier, Regional Director Gauna, Senior Warden Bowers, Assistant Warden Wonders, and Unit Chaplin Amobi violated his rights under the First and Fourteenth Amendments to the United States Constitution by implementing or upholding "anti-Rasta policies" that interfered with the exercise of his Rastafarian religious beliefs.[2]

King was admitted to TDCJ most recently on September 11, 2020.[3] King alleges that he filed a Step 1 Grievance on November 25, 2022, asking to grow dreadlocks and to eat a Rastafarian diet,[4] but that Assistant Warden Wonders denied these requests.[5] According to King, Wonders denied the grievance because there was no specific Rastafarian diet offered, and dreadlocks were not allowed unless a "Request [for] Religious Accommodation" was

---

[1]Complaint, Docket Entry No. 1, pp. 3, 4. For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the court's electronic case filing system, ECF.

[2]Id. at 3.

[3]Plaintiff's More Definite Statement ("Plaintiff's MDS"), Docket Entry No. 8, p. 1 (Response to Question No. 1).

[4]Complaint, Docket Entry No. 1, p. 4.

[5]Id.

granted by the unit chaplain.[6] King claims he filed a Step 2 Grievance to appeal that result, but that all of the other defendants collectively upheld the underlying decision on his Step 1 Grievance.[7] Alleging that the defendants have frustrated his religious beliefs, King sues all of the defendants in their official capacity seeking injunctive and declaratory relief in addition to compensatory and punitive damages.[8]

The defendants argue that King's claims for monetary damages are barred by the Eleventh Amendment and by the Prison Litigation Reform Act ("PLRA").[9] The defendants argue further that King cannot otherwise show that he is entitled to punitive damages and that he fails to state a claim upon which declaratory or injunctive relief may be granted.[10]

## II.  Standards of Review

### A.  Motions to Dismiss Under Rule 12(b)(1)

The defendants have moved to dismiss certain claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of

---

[6]Plaintiff's MDS, Docket Entry No. 8, p. 4 (Response to Question 10). King discloses that he did not file a Request for Religious Accommodation before filing this suit, explaining that Unit Chaplain Amobi refused to give him the requisite form. See id. at 5 (Response to Question 11(e)).

[7]Complaint, Docket Entry No. 1, p. 4.

[8]Memorandum, Docket Entry No. 1-3, pp. 6, 9; Plaintiff's MDS, Docket Entry No. 8, p. 5 (Response to Question No. 12).

[9]Defendants' Motion to Dismiss, Docket Entry No. 15, pp. 2-3, 5-6.

[10]Id. at 3-4, 6-10.

subject-matter jurisdiction. "[F]ederal courts are courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" Halmekangas v. State Farm Fire and Casualty Co., 603 F.3d 290, 292 (5th Cir. 2010). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" Smith v. Regional Transit Authority, 756 F.3d 340, 347 (5th Cir. 2014) (quoting Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B.  Motions to Dismiss Under Rule 12(b)(6)

The defendants have also moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. To withstand a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974.

In reviewing a motion under Rule 12(b)(6), a court must "'accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff.'" Bustos v. Martini

Club, Inc., 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted). However, a reviewing court need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (citation and internal quotation marks omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because he proceeds pro se, the plaintiff's pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). Nevertheless, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level[.]" Twombly, 127 S. Ct. at 1965. If the plaintiff's complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974.

### III. DISCUSSION

A. The Claims for Compensatory and Punitive Damages

The defendants argue that King's claims for monetary damages against them in their official capacity as state employees are

barred by the Eleventh Amendment.[11]  Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. See Will v. Michigan Dep't of State Police, 109 S. Ct. 2304, 2309 (1989).  It is well established that inmates cannot sue TDCJ officers or officials under § 1983 for monetary damages in their official capacity.  See Loya v. Texas Department of Corrections, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("TDC[J]'s entitlement to immunity under the [E]leventh [A]mendment is clearly established in this circuit."); Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). Accordingly, King's claims for monetary damages are barred by the Eleventh Amendment.[12]

In addition, the defendants correctly note that the PLRA precludes a prisoner's claim for compensatory damages where no

---

[11]Defendants' Motion to Dismiss, Docket Entry No. 15, pp. 2-3.

[12]There is a narrow exception to Eleventh Amendment immunity that applies to claims for prospective injunctive relief from a state actor, in his official capacity, based on an ongoing violation of the federal constitution. See Ex parte Young, 28 S. Ct. 441, 445 (1908) (crafting an exception to official immunity in suits for enjoining unconstitutional actions); see also K.P. v. LeBlanc, 729 F.3d 427, 439 (5th Cir. 2013) (discussing the exception created by Ex parte Young); Okpalobi v. Foster, 244 F.3d 405, 415 (5th Cir. 2001) (characterizing the rationale in Ex parte Young as a "narrow" exception to Eleventh Amendment immunity).  King does not have a valid claim for injunctive relief, and he does not fit within this narrow exception for reasons discussed briefly below.

physical injury is alleged.[13] See 42 U.S.C. § 1997e(e);[14] Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."). Because King does not allege facts showing that he has suffered a physical injury, his claim for compensatory damages must be dismissed for this additional reason as barred by the PLRA.

The defendants argue further that King is not entitled to punitive damages.[15] Although the PLRA does not bar a claim for punitive damages, see Hutchins v. McDaniels, 512 F.3d 193, 198 (5th Cir. 2007), "punitive damages may be awarded only when the defendant's conduct "is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003) (citations omitted). King has not alleged facts showing that

---

[13]Defendants' Motion to Dismiss, Docket Entry No. 15, pp. 5-6.

[14]The PLRA limits a prisoner's recovery of compensatory damages as follows:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e).

[15]Defendants' Motion to Dismiss, Docket Entry No. 15, pp. 9-10.

the defendants denied his request for dreadlocks and a Rastifarian diet out of spite or with callous disregard for his rights.[16] Accordingly, King has not stated a claim for which punitive damages may be granted.

**B.   The Claims for Declaratory and Injunctive Relief**

The defendants argue that King's claims for declaratory and injunctive relief must be dismissed because he has failed to state a valid claim for relief under the Free Exercise Clause of the First Amendment.[17] The Fifth Circuit has held that prison officials need not respond to particularized religious dietary requests to comply with the First Amendment. See Baranowski v. Hart, 486 F.3d 112, 122 (5th Cir. 2007); Kahey v. Jones, 836 F.2d 948, 951 (5th Cir. 1988); Udey v. Kastner, 805 F.2d 1218, 1221 (5th Cir. 1986). The Fifth Circuit has also held that prison grooming regulations prohibiting long hair and dreadlocks do not violate the Free Exercise Clause. See Hicks v. Garner, 69 F.3d 22, 24-25 (5th Cir. 1995) (holding that the Free Exercise Clause did not require an exception to the prison grooming policy that would allow a Rastafarian to grow dreadlocks); Scott v. Mississippi Department of Corrections, 961 F.2d 77, 82 (5th Cir. 1992) (holding that prison

---

[16]Plaintiff's MDS, Docket Entry No. 8, pp. 5-6 (Response to Question No. 13) (characterizing the defendants' policies as "Racist, Negrophobic and Anti-Rastafarian," but providing no specific facts in support of this conclusory assertion).

[17]Defendants' Motion to Dismiss, Docket Entry No. 15, pp. 6-7.

policy requiring short hair did not violate Rastafarian prisoners' right to freely exercise their religion while incarcerated); see also Milon v. LeBlanc, 496 F. Supp. 3d 982, 987 (M.D. La. 2020) (forcibly cutting a Rastafarian inmate's dreadlocks did not violate the Free Exercise Clause of the First Amendment).[18] Accordingly, King does not state a claim for relief under the First Amendment.

The defendants argue further that King fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment because he does not allege facts showing that he has been treated differently from other similarly situated prisoners or that he has been intentionally discriminated against.[19] The Fourteenth Amendment Equal Protection Clause requires that similarly situated persons be treated alike. See City of Cleburne, Texas v. Cleburne Living Center, 105 S. Ct. 3249, 3254 (1985). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (citations and internal quotation

---

[18]Although the Fifth Circuit has invalidated a Louisiana prison policy requiring a Rastafarian to cut off his dreadlocks under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 et seq., see Ware v. Louisiana Department of Corrections, 866 F.3d 263, 274 (5th Cir. 2017), that decision is distinguishable because King has not filed suit under the RLUIPA. Even if his Complaint could be liberally construed to raise a RLUIPA claim, King still cannot show that he is entitled to injunctive relief because, as noted below, he has been released from TDCJ and is no longer in custody.

[19]Defendants' Motion to Dismiss, Docket Entry No. 15, p. 9.

marks omitted). King does not allege facts showing that he has been treated differently from any similarly situated prisoner or intentionally discriminated against by the defendants. His conclusory allegations are insufficient to demonstrate the requisite disparate treatment or to establish a constitutional violation. See Clark v. Owens, 371 F. App'x 553, 554 (5th Cir. 2010) (per curiam) ("[C]onclusory assertions that [a prisoner] was treated differently than other similarly situated inmates are insufficient to state an equal protection claim.").

King cannot otherwise show that he is entitled to injunctive relief because prison records reflect that he has been released from custody and is no longer confined in TDCJ.[20] King's release from state custody means that his claims for declaratory and injunctive relief are now moot.[21] See Oliver, 276 F.3d at 741; see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot); Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991)

---

[20] See Texas Department of Criminal Justice Inmate Information, available at: https://www.inmate.tdcj.gov (last visited Dec. 1, 2023) (reflecting that Antwan King is no longer in custody).

[21] King has not complied with Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division, which states that a pro se litigant is responsible for keeping the Clerk advised in writing of his current address. King was advised of this requirement previously and warned that his lawsuit could be dismissed pursuant to Fed. R. Civ. P. 41(b) if he failed to comply. See Order Granting Motion to Proceed In Forma Pauperis, Docket Entry No. 5, p. 3 ¶ 8.

(holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief).  Because the defendants have established that the Complaint fails to state a valid claim, the court will grant the Defendants' Motion to Dismiss and will dismiss this case with prejudice.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants Amobi, Bowers, Collier, Gauna, and Wonders' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (6) (Docket Entry No. 15) is **GRANTED**.

2. The civil action filed by the plaintiff, Antwan King, will be dismissed with prejudice.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 8th day of December, 2023.

```
                    _____
                           SIM LAKE
                  SENIOR UNITED STATES DISTRICT JUDGE
```